Hon. Eric A. Seiff Chairman New York State Commission of Investigation
This is in response to your request for an opinion of the Attorney General as to whether persons employed as investigators by the State Commission of Investigation are employed in "policemen's positions" for purposes of the New York State Social Security Act (Retirement and Social Security Law, § 138-a).
You inform me that the Commission is deducting Social Security contributions from the salaries of several investigators who are former New York City police officers and who receive police pensions. These investigators would not be eligible to participate in the Social Security System if they are employed in "policemen's positions".
The term "policemen" is not defined by the State Social Security Act. However, the Criminal Procedure Law defines both "police officers" and "peace officers". Investigators for the State Commission of Investigation are defined as "peace officers" but not "police officers". (Criminal Procedure Law, §§ 1.20(33) (k), 1.20(34).) While all "police officers" are "peace officers", the reverse is not true. (Criminal Procedure Law, § 1.20(33) (a).) A distinction is made between Commission investigators who are "peace officers" and investigators in the office of a district attorney who are "police officers". (Criminal Procedure Law, § 1.20(34) (g).) It appears that the Legislature, in defining Commission investigators as "peace officers" and not "police officers", intended that such investigators not occupy "policemen's positions". "Police officers" are law enforcement officers who are given the prime responsibility for enforcing the criminal law, while "peace officers" also include quasi-law enforcement officers who are given less extensive powers than "police officers". (People v Jackson, 72 Misc.2d 297, 302
[1972].)
Therefore, I conclude that persons employed as investigators by the State Commission of Investigation are not employed in "policemen's positions" for purposes of Retirement and Social Security Law, § 138-a.